UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN HARDY, <br><br> Plaintiff, <br><br> v. <br><br> BNSF RAILWAY COMPANY, a Delaware corporation, <br><br> Defendant. | NO. **CV-10-5086-LRS** <br><br> **ORDER GRANTING MOTION FOR PROTECTIVE ORDER IN PART** |

**BEFORE THE COURT** is the Plaintiff's Motion For Protective Order (ECF No. 16). This motion was heard with telephonic oral argument on September 8, 2011 before the Honorable Judge Lonny R. Suko. James K. Vucinovich, Esq., argued for Plaintiff. Jeremy Rogers, Esq., argued for Defendant.

For the reasons set forth at the hearing, the Motion For Protective Order (ECF No. 16) is **GRANTED in part**. Specifically, Plaintiff shall produce Capital One financial information requested, in redacted form, and pertaining only to Plaintiff's physical activities, including but not limited to, golf, handball, gardening, yard work, and household chores and activities with Plaintiff's grandchildren.

Said financial information and documents shall be used only in connection with this lawsuit and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this protective

**ORDER GRANTING MOTION
FOR PROTECTIVE ORDER IN PART**-1

1  order.

2  Access to Plaintiff's financial documents and any information derived
3  therefrom, including any copies or summaries thereof, shall be restricted to the
4  following:

5  a. The attorneys in the law firms appearing in this action for the
6  parties hereto, and personnel who are directly employed by those firms and are
7  assisting counsel of record in the handling of this litigation; and

8  b. The Court, and its personnel, including stenographic reporters
9  engaged in such proceedings as are necessary incident to the preparation of this
10 case for trial or the trial of this action.

11 All transcripts or depositions in this action which contain information
12 derived from plaintiff's financial documents shall be subject to the terms of this
13 protective order. Any portions of such transcripts or depositions which contain
14 such information shall be filed in sealed envelopes or other sealed containers which
15 shall bear the caption of this action, an indication of the nature of the content of
16 such sealed envelope or container, the words "CONFIDENTIAL-SUBJECT TO
17 PROTECTIVE ORDER" and a statement substantially stating that the envelope or
18 container is not to be opened or the contents thereof to be displayed or revealed
19 except by express order of the Court. The balance of the deposition that does not
20 contain such material is not sealed and may be used in its normal manner.

21 Neither Plaintiff's financial documents nor any information derived
22 from them shall be placed in any pleading, deposition exhibit, or evidence at trial
23 without the express permission of the Court.

24 Upon conclusion of this action, by settlement or otherwise, counsel for
25 BNSF shall return to counsel for Plaintiff all financial documents produced,
26 including any and all copies, prints, disks, negatives, or summaries thereof. Any
27 "work-product" summaries, duplication or notes prepare from or derived from

28

**ORDER GRANTING MOTION**
**FOR PROTECTIVE ORDER IN PART-2**

Plaintiff's financial information shall be destroyed by counsel for the receiving party upon the conclusion of this action (by settlement or otherwise), who shall then promptly advise counsel for Plaintiff that compliance with this term of the protective order has been accomplished.

The terms and conditions of this protective order will remain in effect unless and until modified by a further order of the Court.

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel.

**DATED** this 9th of September, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION
FOR PROTECTIVE ORDER IN PART-3**